UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

SARATOGA SHOE DEPOT, INC.,

Debtor.

Chapter 11
Case No. 09-13175

# CHAPTER 11 PLAN OF REORGANIZATION

NOLAN & HELLER, LLP
**Attorneys for the Debtor**
39 North Pearl Street
Albany, New York 12207
(518) 449-3300

# TABLE OF CONTENTS

**ARTICLE I**
DEFINITIONS.................................................................................... 1

**ARTICLE II**
CLASSIFICATION AND TREATMENT OF CLAIMS............................. 3

    **A.**    Administrative Expenses ......................................... 3
    **B.**    Classification and Treatment of Other Claims.

        a. Class 1. Secured Claim of HSBC Bank USA,
        National Association............................................. 4

        b. Class 2. Fixed and Liquidated Unsecured Claims........... 4

        c. Class 3. Equity Interest of Members ....................... 5

**ARTICLE III**
EXECUTORY CONTRACTS AND LEASES........................................... 5

**ARTICLE IV**
DEFAULT............................................................................................. 6

**ARTICLE V**
UNCLAIMED FUND............................................................................. 6

**ARTICLE VI**
RETENTION OF JURISDICTION......................................................... 7

**ARTICLE VII**
CAUSES OF ACTION........................................................................... 7

**ARTICLE VIII**
DISCHARGE......................................................................................... 7

**ARTICLE IX**
POST-CONFIRMATION OBLIGATIONS OF THE DEBTOB............... 9

## INTRODUCTION

**SARATOGA SHOE DEPOT, INC.**, the Debtor in the above entitled Chapter 11 case, (the "Debtor") hereby proposes this Plan of Reorganization pursuant to Chapter 11 of Title 11 of the United States Code.

## ARTICLE I

## DEFINITIONS

1. "Administrative Expenses" shall refer to all administrative expenses allowed by the Court pursuant to Section 503(b) of the Code.

2. "Allowed Claim" shall refer to (a) a claim in respect to which a timely proof of claim has been filed with the Clerk of the Court and not objected to by the Debtor, or if so objected to, is allowed over the objection of the Debtor by a final order of the Court; (b) a claim which (i) is scheduled in the Debtor's Schedules of Assets and Liabilities prepared and filed by the Debtor with the Court pursuant to Section 521 of the Code <u>and</u> (ii) which is not listed therein as disputed, contingent or unliquidated as to amount; and in all such cases as to which no objection to the allowance thereof has been interposed, or (iii) which such an objection has been interposed, as to which resolution of any such objection has been determined by a final order of the Court or by stipulation among the parties.

3. "Bankruptcy Court" or "Court" shall refer to the United States Bankruptcy Court for the Northern District of New York, in which this Chapter 11 proceeding is pending.

4. "Code" shall refer to the provisions of Title 11 of the United States Code, (11 U.S.C. Section 101 <u>et</u> <u>seq.</u>), and any amendments thereof.

5. "Claim" shall refer to the status of those rights defined in section 101(5) of the Code.

6. "Class" shall refer to the class designations set forth in Article II of this Plan into which Allowed Claims are divided for purposes of defining their treatment pursuant to the provisions of the Plan.

7. "Debtor" shall refer to Saratoga Shoe Depot, Inc.

8. "Default" means the failure of the Debtor to make payment required under the Plan within thirty days of such payment being due.

9. "Effective Date of the Plan" shall refer to that date upon which an order of the Court confirming the Plan becomes final and nonappealable without any appeal having been taken therefrom.

10. "Impaired Claim" shall refer to those claims or interests which are deemed "impaired" pursuant to the provisions of 11 U.S.C. Section 1124 and the provisions of this Plan.

11. "Order of Confirmation" shall refer to the order or orders entered by the court confirming the Plan in accordance with Chapter 11 of the Code.

12. "Plan" shall refer to this Plan of Reorganization and any authorized modifications or amendments made with respect thereto.

13. "Priority Claims" shall refer to all claims defined pursuant to the provisions of 11 U.S.C. Section 507.

14. "Property" shall refer to the property owned by the Debtor or in which the Debtor has an interest.

15. "Pro rata" shall mean with respect to any holder of an Allowed Claim the same proportion that the amount of such Allowed Claim bears to the aggregate amount of all Allowed Claims of the same class.

16. "Reorganized Debtor" shall mean the entity into which the Debtor's business has been reorganized and that has assumed title to the Debtor's assets.

17. "Secured Claim" shall mean a claim secured by lien(s) on the Property of the Debtor which liens are valid, perfected and enforceable under applicable law and are not subject to avoidance under the Code or other applicable non-bankruptcy law.

18. All other terms, where applicable, shall be construed in accordance with Section 101 of the Code.

## ARTICLE II

## CLASSIFICATION AND TREATMENT OF CLAIMS

Funds for payments to creditors under the Plan shall come from, or have been paid from, the Reorganized Debtor's operations and/or monies loaned to/invested in the Reorganized Debtor by the Debtor's principal, Frank Panza.

**A.** **Administrative Expenses.** These claims are unimpaired and are not classified for purposes of voting on the Plan. Costs and expenses of administration are defined in Sections 503(b) and 507(a)(1) of the Code and which are allowed, approved, and ordered paid by the Court. These claims will be paid in full upon the effective date of the Plan or as otherwise agreed between the claimant and the Debtor, subject to due application and allowance by the Court.

Nolan & Heller, LLP – (counsel for the Debtor)- $25,000.00 (est.).

Fees and expenses shall be awarded and paid pursuant to 11 U.S.C. §1129(a)(9) after proper application to the Court for allowance pursuant to 11 U.S.C. §330 to the extent that such application is required.

There are no other Administrative Claims.

B. **Classification and Treatment of Other Claims.**

**Class 1. Secured Claim of HSBC Bank USA, National Association-**

The Debtor is obligated to HSBC on a demand note with a current balance of $552,219.16. Prior to the filing of the petition, HSBC froze the Debtor's accounts at HSBC with a total of $60,307.68 on deposit. Post-petition, HSBC setoff against those accounts and applied the funds to an overdraft agreement, term note and demand note (collectively, the "HSBC Loan Notes"), including application to principal, interest and late fees. The Plan proposes to treat HSBC's claim as secured in the amount of $300,000.00, based upon the value of HSBC's collateral, and amortize that amount over a term of ____ years at seven (7%) percent per annum. In addition, the Debtor is a guarantor of the mortgage obligations of Mr. Panza to HSBC, which are secured by his interest in the real property located at 385 Broadway and Spring Street, Saratoga Springs, New York. The balance of HSBC's claim shall be treated as a general, unsecured claim and paid as provided for in the Plan for holders of such claims in such class. HSBC's claims shall also continue to be secured by its mortgages against the real property owned by Mr. Panza individually as well.
**This class is impaired and is entitled to vote on the plan.**

**Class 2. Fixed and Liquidated Unsecured Claims.** Class 2 shall consist of all timely filed, undisputed, allowed, fixed and liquidated unsecured claims. Holders of claims in this class shall receive payment from the Debtor's net income to the extent that sufficient funds are on hand to pay such dividend on a quarterly basis quarterly basis beginning on the first day of the quarter of the year immediately following confirmation of the Debtor's Plan, and continuing over a term of ____ years. Projections of the Debtor's income, expenses and funds available for distribution to creditors are

4

attached hereto and made a part hereof as Exhibit "A". **Creditors should be aware and understand that the attached financial information constitutes the Debtor's projected income and expenses based upon information known to the Debtor at the time the within Plan has been proposed and are based upon the Debtor's historical financial data, including during the pre-and post-petition periods. No representations are being made, and none should be assumed, that the projections represent a promise of actual future performance. This class is impaired and is entitled to vote on the plan.**

Class 3. <u>Equity Interest of Members.</u> Mr. Panza holds 100% of the debtor's equity, represented by 20,000 shares of issued, common stock. Mr. Panza will not receive any dividend on account of his pre-petition equity interest in the Debtor unless and until all classes of creditors in a higher degree of priority have received payment in full of their allowed, pre-petition claims. Notwithstanding the foregoing, Mr. Panza shall receive 100% shares in the Reorganized Debtor on account of and in consideration of his investment in the Reorganized Debtor from the proceeds of the sale or refinancing of Mr. Panza's real property. **This class is impaired and shall not receive a distribution under the plan and is deemed to have rejected the plan.**

ARTICLE III

EXECUTORY CONTRACTS AND LEASES

The Debtor will assume its real property leases with Mr. Panza, except in the event that either the Delmar property or 385 Broadway property are sold prior to confirmation, in which case such lease shall be deemed rejected.

5

# ARTICLE IV

## DEFAULT

In the event of default, a creditor of any class, or the Court, shall give notice of such default by registered mail, return receipt requested to the Debtor, c/o Nolan & Heller, LLP, 39 North Pearl Street, Albany, New York 12207, Attention: Francis J. Brennan, Esq. In the event of default, the Debtor shall have the right to cure within thirty days of notice thereof, after such time the creditor(s) shall have the rights and remedies provided under the Code and in this Plan, and holders of secured claims shall be permitted to enforce their rights to their collateral in accordance with all applicable non-bankruptcy law.

# ARTICLE V

## UNCLAIMED FUNDS

Checks issued by the Debtor or on the Debtor's behalf for payment of allowed claims shall bear the legend "VOID IF NOT CASHED WITHIN 90 DAYS FROM DATE OF ISSUANCE" and shall be mailed to the address noted in the Debtor's schedules or to the address provided by the creditor in the event such creditor filed a proof of claim. In the event that any check sent by the Debtor shall remain uncashed for a period in excess of 90 days from the date of issuance or shall be returned as refused or undeliverable as addressed, such funds shall be turned over to the Clerk for the United States Bankruptcy Court for the Northern District of New York.

## ARTICLE VI

## RETENTION OF JURISDICTION

Notwithstanding any provision of this Plan to the contrary, the Court shall retain jurisdiction of these proceedings pursuant to the provisions of Chapter 11 of the Code until there has been substantial consummation of the Plan as provided at 11 U.S.C. §1101(2) and Local Bankruptcy Rule of Procedure 3022-1.

## ARTICLE VII

## CAUSES OF ACTION

To the extent that any exist the Debtor shall assign its rights in any action arising under 11 U.S.C. §§544, 547, 548, 549, and 550 to the Reorganized Debtor.

## ARTICLE VIII

## DISCHARGE

The Debtor shall be deemed discharged pursuant to §1141 of the Code with respect to each Class upon payment in full of the amounts provided for under this Plan with respect to each such Class regardless as to whether holders of claims in each Class shall have filed a proof of claim in the within case or has accepted the Plan. Subject to the preceding sentence, upon payment in full of the amounts provided for under this Plan with respect to each Class the claims of each such Class shall be deemed satisfied in full.

Upon confirmation of the Debtor's Plan, all parties asserting claims against the Debtor that

arose prior to the filing of the Debtor's petition shall be precluded from asserting any such claim against the Debtor or its successors and/or assigns. Except as otherwise provided in the Plan or the order confirming the Plan, the order confirming the Plan shall act as a discharge of any and all claims and liabilities of the Debtor as provided in 11 U.S.C. §524 or §1141 and such discharge shall void against the Debtor any judgment obtained to the extent that it relates to a claim discharged pursuant to the Plan.

All parties that have held or that hold or may hold a claim against the Debtor are permanently enjoined from taking any of the following actions on account of such claims: (a) commencing or continuing in any manner any action or proceeding against the Debtor; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor; (c) creating, protecting or enforcing any lien or encumbrance against the Debtor; (d) asserting any setoff or any right of subrogation or recoupment against the Debtor of any kind against any obligation due the Debtor; and (e) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the Plan or order confirming the Plan.

In the event that the Debtor injured by any willful violation of such injunction shall recover actual damages, including attorneys' fees and costs, and, in proper circumstances, may recover punitive damages from such willful violator.

## ARTICLE IX

## POST-CONFIRMATION OBLIGATIONS OF THE DEBTOR

Subsequent to the confirmation of the Debtor's Plan, the Debtor shall take all steps necessary to implement the Plan pursuant to 11 U.S.C. §1142. Upon the Debtor's implementation of the confirmed Plan, and pursuant to Local Rule 3022-1 and Federal Rule of Bankruptcy Procedure 3022, the Debtor shall file its report of substantial consummation stating that the Debtor has satisfied the criteria of and shall petition the Court for a final decree pursuant to 11 U.S.C. §350 and Federal Rule of Bankruptcy Procedure 3022. Prior to the entry of a final decree by the Court, the Debtor shall continue to be obligated to file monthly operating reports and to pay quarterly fees to the United States Trustee's Office pursuant to 28 U.S.C. §1930 and to perform all other obligations required under the United States Trustee's Operating Guidelines.

Dated: April 29, 2010

Respectfully Submitted,

SARATOGA SHOE DEPOT, INC.

By: _____
Frank S. Panza
President and Sole Shareholder

75487

9